UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LORRIE TISSIERA,

Plaintiff,

-against-

RAGNAR & ROLLO INDUSTRIES, INC.,
d/b/a CLEANTEC SERVICES, and any related
entities,

Defendant.

1:25-cv-10173 (JLR)

**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

Before the Court is a motion filed by Defendant Ragnar & Rollo Industries, Inc, d/b/a

Cleantec Services ("Cleantec" or "Defendant") to dismiss this action for improper venue

pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3) or, alternatively, for an order

transferring this action to the Northern District of New York (the "NDNY") pursuant to 28

U.S.C. § 1406 and/or 28 U.S.C. § 1404.  Dkt. 10.  For the following reasons, the Court GRANTS

the motion to transfer the action to the Northern District of New York pursuant to 28 U.S.C.

§ 1404.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Lorrie Tissiera ("Plaintiff") commenced this action against Defendant on

December 8, 2025, bringing claims for discrimination and retaliation under the Americans with

Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq.*, retaliation and interference claims

under the Family and Medical Leave Act (the "FMLA"). 29 U.S.C. § 2601, *et seq.*, and

discrimination and retaliation claims under the New York State Human Rights Law (the

"NYSHRL"), New York State Executive Law § 290, *et seq.* — all related to her prior

1

employment as a cleaner for Defendant at its location in Albany, New York.  Dkt. 1 ("Compl.") ¶¶ 28-30, 67-85.

Defendant is a janitorial company headquartered in Liverpool, New York, which is a suburb of the City of Syracuse within Onondaga County.  Dkt. 10-1 ("Kehoe Decl.") ¶ 2.  All personnel records, including Plaintiff's, are stored in the Liverpool office.  *Id.*  Defendant has never had an office or operated in the counties that are within the Southern District of New York ("SDNY"), namely Manhattan, Bronx, Westchester, Rockland, Putnam, Orange, Dutchess or Sullivan Counties, New York.  *Id.*

According to her employment records on file with Defendant, Plaintiff lived in Schenectady County, New York, near Albany, when she worked for Defendant.  *Id*. ¶ 7.  In her Charge of Discrimination filed with the EEOC in May 2026, Plaintiff confirmed that she continues to live in Schenectady County.  *Id.* ¶ 8, Ex. A.

All of the job sites where Plaintiff worked for Defendant were in and around Schenectady and Albany Counties in New York. *Id.* ¶ 4.  Plaintiff never performed any services for Defendant within the SDNY counties.  *Id.*

Plaintiff's supervisor during her employment with Defendant was Anthony Jackson, Compl. ¶ 42, who resides in Schenectady County and works for Defendant exclusively in Schenectady and Albany Counties, Kehoe Decl. ¶ 6.  Defendant's Director of Human Resources when Plaintiff was employed (and now), is Aleesa Ortman, and she is responsible for all employee requests for accommodation and leaves of absence.  *Id*. ¶ 5.  Ortman resides in Onondaga County and works exclusively at Defendant's Liverpool office.  *Id.*

On February 6, 2026, Defendant moved to dismiss based on improper venue or, in the alternative, to transfer the action to the NDNY, the district that includes Onondaga, Albany, and Schenectady Counties.  Dkt. 10 ("Mot."); Dkt. 10-4 ("Br.").  On February 27, 2026, Plaintiff

2

filed her opposition to the motion. Dkt. 11 ("Opp.") and, on March 6, 2026, Defendant filed its reply brief. Dkt. 12 ("Reply"). The motion is now fully briefed.

**LEGAL STANDARD**

In the context of a motion under Rule 12(b)(3), Plaintiff has the burden of making a *prima facie* showing that venue is proper, and the Court "view[s] all the facts in a light most favorable to [P]laintiff." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007); *accord KTV Media Int'l, Inc. v. Galaxy Grp., LA LLC,* 812 F. Supp. 2d 377, 383 (S.D.N.Y. 2011). The Court may review materials outside the pleadings in deciding whether to grant Defendant's motion. *Phillips*, 812 F. Supp. 2d at 382-383.

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a); *accord Lowinger v. Rocket One Cap., LLC*, No. 23-cv-09243 (JPC), 2024 WL 2882622, at *3 (S.D.N.Y. June 5, 2024). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are decided on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). In deciding a motion to transfer venue under Section 1404(a), courts first ask "whether the action could have been brought in the transferee district and, if yes, whether transfer would be an appropriate exercise of the Court's discretion." *Robertson v. Cartinhour*, No. 10-cv-08442 (TLS), 2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011); *accord Ketner v. Cioni, Inc.*, No. 25-cv-03499 (LAP), 2026 WL 658420, at *2 (S.D.N.Y. Mar. 9, 2026). Assessing whether transfer is appropriate requires the Court to balance various factors, such as:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative

3

means of the parties.

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(quoting *Gottdiener*, 462 F.3d at 106-07 ).  "The movant bears the burden of

demonstrating — by clear and convincing evidence — that the balance of convenience and the

interests of justice warrant transfer."  *Prokos v. Haute Living, Inc.*, No. 19-cv-00138 (PGG),

2020 WL 4677375, at *3 (S.D.N.Y. Aug. 11, 2020).  "In resolving a motion for transfer, the

Court assumes the allegations in the Complaint to be true, but may also look to evidence outside

of the Complaint, even to the degree that such evidence contradicts allegations in the

Complaint."  *Tianhai Lace USA Inc. v. Forever 21, Inc.*, No. 16-cv-05950 (AJN), 2017 WL

4712632, at *2 (S.D.N.Y. Sept. 27, 2017); *see also Mohsen v. Morgan Stanley & Co. Inc.,* No.

11-cv-06751 (PGG), 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013) ("In deciding a motion

to transfer, a court may consider material outside of the pleadings.").

### DISCUSSION

Defendant argues that the Complaint should be dismissed for improper venue under Rule

12(b)(3) because Plaintiff cannot meet the venue requirements under 28 U.S.C. § 1391(b), which

provides that a civil action may be brought in the judicial district where any defendant resides;

where a substantial part of the events giving rise to the claim occurred; or, if neither of these

applies, in a district where any defendant is subject to personal jurisdiction.  28 U.S.C. § 1391(b).

Br. at 4.  Since neither party resides in the SDNY and none of the events related to this action

occurred in the SDNY, Defendant argues that venue is improper.  Br. at 4.  Alternatively,

Defendant requests that the Court exercise its discretion to transfer the action to the NDNY

under 28 U.S.C. § 1404(a).  Br. at 6-8.

Plaintiff opposes the motion, arguing that venue is proper here because ADA claims may

be brought in "any judicial district in the State in which the unlawful employment practice is

alleges to have been committed." 42 U.S.C.§ 2000e-5(f)(3); *see also Martinez v. Bloomberg LP*, 740 F.3d 211, 228 (2d Cir. 2014) ("[T]he ADA incorporates Title VII of the Civil Rights Act's special venue provision, which grants plaintiffs a range of possible venues in which to bring discrimination claims"). She further argues that the balance of factors does not clearly and convincingly favor a transfer to the NDNY under 28 U.S.C. § 1404(a). Opp. at 3-8.

Defendant is correct that even if the venue possibilities are broader for an ADA claim, Plaintiff has brought more than an ADA claim. Reply at 1-2; Compl. ¶¶ 73-85 (bringing claims under the FMLA and NYSHRL). But the Court need not reach the question of whether venue is improper in this District, because it finds that the relevant factors clearly favor transfer of the action to the NDNY under 28 U.S.C. § 1404(a).

Plaintiff does not dispute that this case could have been brought in the transferee court, the NDNY. Opp. at 3. *See Robertson*, 2011 WL 5175597, at *3 (explaining that the court must first determine whether action could have been brought in the transferee district and then evaluate whether transfer is appropriate in the court's discretion).

Moving to the balance of factors, Plaintiff concedes that the locus of operative facts weighs in favor of transfer. Opp. at 7. This claim stems from Plaintiff's employment with Defendant, with whom she worked exclusively in the NDNY. Compl. ¶ 30.

In terms of the convenience of witnesses, Plaintiff lives in the NDNY, Kehoe Decl. ¶¶ 7-8, Ex. A, and relevant witnesses — Jackson, Plaintiff's former supervisor, and Ortman, the Director of Human Resources — reside in the NDNY. Kehoe Decl. ¶¶ 5-6. Plaintiff also admits that Defendant is headquartered in the NDNY. Opp. at 5. Thus, this factor weighs in favor of transfer, notwithstanding Plaintiff's conclusory contention that she will not be inconvenienced by litigating in the SDNY. *Id.* 5-6.

5

The location of relevant documents also weighs slightly in favor of transfer.  While it is true that documents are generally broadly accessible given the present state of electronic retention and production of documents, all employee records for Plaintiff are stored at the Liverpool office in the NDNY.  Kehoe Decl. ¶ 2.

As for the relative means of the parties, this factor weighs slightly against transfer because Defendant, as a corporation, presumably has more means to litigate the case than an individual Plaintiff.  However, this factor does not carry significant weight given Plaintiff's location outside of the SDNY, which may increase her costs.

Nevertheless, Plaintiff argues that the deference afforded to her choice of venue outweighs the factors favoring transfer.  Opp. at 3-5.  To be sure, this is an important factor, but as Plaintiff recognizes, "this deference is diminished where the venue is not connected to the operative facts or where it is not the plaintiff's home venue."  Opp. at 4 (citing to *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012)).  Even though Plaintiff has elected to retain a lawyer located in the SDNY, which appears to be driving her interest to litigate in the SDNY, this factor is significantly outweighed here given that neither the parties, the operative facts, the witnesses, nor the documents have any connection to the SDNY. *See, e.g.*, *Laduke v. New York State Off. of Mental Health*, No. 23-cv-11098 (LTS), 2024 WL 421284, at *2 (S.D.N.Y. Jan. 5, 2024) (transferring action that included ADA and FMLA claims from the SDNY to the WDNY, the district where all operative events occurred, advising that "Plaintiff's choice of forum is accorded less deference because she resides outside this district, and the operative events did not occur here").

For all of these reasons, the Court finds that Defendant has demonstrated by clear and convincing evidence that the balance of convenience and the interests of justice warrant transfer to the NDNY.

## CONCLUSION

Accordingly, Defendant's motion to transfer this case, pursuant to 28 U.S.C. § 1404(a), is

GRANTED and it is hereby ORDERED that this case shall be transferred to the Northern

District of New York.

Dated: April 13, 2026
New York, New York

SO ORDERED.

_Jennifer Rochon_

JENNIFER L. ROCHON
United States District Judge